**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13–cv–02430–RM-KMT

LEPRINO FOODS COMPANY,

    Plaintiff,

v.

DCI, INC.,

    Defendant.

___

**ORDER**
___

This matter is before the Court on Defendant DCI, Inc.'s ("DCI") motion to consolidate[1] ("Motion") (ECF No. 68) case numbers 13-CV-02430 (the "Lenmoore West Case") and 14-CV-02731 (the "Greeley Case"). Plaintiff Leprino Foods Company ("Leprino") opposes the Motion.

For the following reasons, the Court GRANTS, in part, Defendant's motion to consolidate.

**I.   BACKGROUND**

    **A.   Lenmoore West Case**

On September 6, 2013, Plaintiff brought the Lenmoore West Case "for damages for breach of contract, negligent misrepresentation, negligent nondisclosure and products liability arising from DCI's design, fabrication and sales to Leprino of 26 defective, 10,000-gallon steel crystallizer tanks. . . ." (ECF No. 1 ¶ 1 in 13-CV-2430.) In this action, Plaintiff alleges that in

---

[1] Defendant filed a "Motion to Consolidate and for a Protective Order Staying Discovery." (ECF No. 68 in 13-CV-2430.) The Court referred the portion of the motion seeking a protective order which would stay discovery to Judge Tafoya. (ECF No. 69 in 13-CV-2430.) That portion of the motion, as of the date of this filing, has yet to be ruled upon. (*See generally* Dkt in 13-CV-2430.)

2001, it and Defendant "executed a written contract" in which Defendant warranted that "under Section 6.3 of the 2001 Agreement that: '[a]ll goods, materials and equipment furnished under this Agreement will be fit for the purpose intended as specified in the Agreement, of good quality, new, free from faults and defects (whether patent or latent) in material or workmanship….'" (ECF No. 1 ¶ 9 in 13-CV-2430.)  Further, in this action, Defendant's "warranties expressly extend to future performance of the goods." (ECF No. 1 ¶ 9 in 13-CV-2430.)  In this action, Plaintiff alleges that in 2007, it and Defendant "executed a second written contract" through which the Defendant made the "same express warranties, guarantees and representations extending to the future performance of the goods as contained in the 2001 Agreement." (ECF No. 1 ¶ 12 in 13-CV-2430.)  In this action, Plaintiff informed Defendant that it discovered that the tanks were failing and that the tanks did not conform with Defendant's "warranties, guarantees and representations" under the 2001 and 2007 agreements. (ECF No. 1 ¶ 14 in 13-CV-2430.)  In this action, Defendant informed Plaintiff "that it would not honor any of its warranties, guarantees and representations" under the 2001 and 2007 agreements. (ECF No. 1 ¶ 16 in 13-CV-2430.)

    In the Lenmoore West Case, Plaintiff brings the following causes of action:

        (1)    breach of contract under the 2001 agreement between the parties (ECF No. 1 ¶¶ 17-23 in 13-CV-2430);

        (2)    breach of contract under the 2007 agreement between the parties (ECF No. 1 ¶¶ 24-30 in 13-CV-2430);

        (3)    negligent nondisclosure in 2001 (ECF No. 1 ¶¶ 31-37 in 13-CV-2430);

        (4)    negligent nondisclosure in 2007 (ECF No. 1 ¶¶ 38-44 in 13-CV-2430); and

(5)     negligent misrepresentation (ECF No. 1 ¶¶ 45-50 in 13-CV-2430).

In the Lenmoore West Case, dispositive motions are due January 21, 2015 and the discovery cutoff was December 17, 2014.  (ECF No. 62 in 13-CV-2430.)

**B.     Greeley Case**

On October 6, 2014, Plaintiff brought the Greeley Case "for damages for breach of contract, negligent misrepresentation and negligent nondisclosure arising from DCI's design, fabrication and sales to Leprino of 10 defective, 10,000-gallon steel crystallizer tanks. . . ." (ECF No. 1 ¶ 1 in 14-CV-2731.)  In this action, Plaintiff alleges that in 2010, it and Defendant "executed a written contract" in which Defendant warranted that "under Section 6.3 of the Agreement that: '[a]ll goods, materials and equipment furnished under this Agreement will be fit for the purpose intended as specified in the Agreement, of good quality, new, free from faults and defects (whether patent or latent) in material or workmanship….'" (ECF No. 1 ¶ 9 in 14-CV-2731.)  Further, in this action, Defendant's "warranties expressly extend to future performance of the goods." (ECF No. 1 ¶ 9 in 14-CV-2731.)  In this action, Plaintiff informed Defendant that it discovered that the tanks were defective and requested that Defendant "honor its express and implied warranties" under the agreement.  (ECF No. 1 ¶ 11 in 14-CV-2731.)  In this action, Defendant disclaimed all responsibility and liability for the tanks.  (ECF No. 1 ¶ 12 in 14-CV-2731.)

In the Greeley Case, Plaintiff brings the following causes of action:

(1)     breach of contract under the agreement between the parties (ECF No. 1 ¶¶ 13-19 in 14-CV-2731);

(2)     breach of implied warranty of merchantability (ECF No. 1 ¶¶ 20-24 in 14-CV-2731);

  (3)  breach of implied warranty of fitness for a particular purpose (ECF No. 1 ¶¶ 25-29 in 14-CV-2731);

  (4)  negligent nondisclosure (ECF No. 1 ¶¶ 30-36 in 14-CV-2731); and

  (5)  negligent misrepresentation (ECF No. 1 ¶¶ 30-42 in 14-CV-2731).

In the Greeley Case, a scheduling conference is set for January 23, 2015. (ECF No. 10 in 14-CV-2731.)

## II. LEGAL STANDARDS

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, actions which involve "a common question of law or fact" may be consolidated. Fed. R. Civ. P. 42(a). Whether to consolidate is vested in the broad discretion of the district court. *Am. Emp'rs' Ins. Co. v. King Res. Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976); *Gillette Motor Trans. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). "The purpose of Rule 42(a) is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Skaggs v. Level 3 Commc'ns, Inc.*, Case No. 09-CV-02000-PAB-CBS, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quoting *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)). The Court "generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay or expense that consolidation would cause." *Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, Case No. 09-CV-1717-LTB, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010) (internal quotation and citation omitted).

Pursuant to Local Rule 42.1, "[a] motion to consolidate shall be decided by the district judge to whom the lowest numbered case included in the proposed consolidation is assigned." D.C. Colo. L. Civ. R. 42.1.

**III.   ANALYSIS**

At issue in both actions is Defendant's alleged breach of an identical contract provision that exists in three separate contracts. Defendant, in support of the Motion, argues that Plaintiff alleges in both actions that Defendant's same design, fabrication, and sale of the identical tank[2] violated the same provision in each of the parties' contracts. Plaintiff does not contest this characterization of its claims. The differences, in Plaintiff's claims, appear to be the location of the tanks and the time at which the parties entered into the contracts. Therefore, because the same warranty language in the contracts is at issue in both actions and the same product allegedly breached the contracts, the Court finds that common issues of fact and law exist between the two actions. The Court finds Plaintiff's reliance on *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572-73 (D.N.M. 1994) not persuasive because in that case the issues concerned the liability of different parties which is in contrast to the singular alleged Defendant's liability in this matter albeit in relation to three different contracts. Further, in *Servants of Paraclete*, the court found consolidation not warranted on the basis that consolidation would not conserve resources—which is in contrast to the Court's finding in these actions, *see infra*.

While the Court acknowledges that the two actions are in different procedural postures, the Court finds that significant overlap will exist between party representatives and experts. The Court recognizes that consolidating the cases will delay the earlier-filed action but will conserve

---

[2] Plaintiff argues, in response to Defendant's characterization of the tanks as being the same, that "further investigation is needed to determine the type of insulation and barrier coating used in the 2010 Greeley tanks and whether they were identical or similar to the material used in the 2001 and 2007 Lenmoore West tanks." (ECF No. 73 at 12-13 in 13-CV-2430.) Plaintiff has provided the Court with no evidence that the tanks at issue in the two actions were not fabricated similarly. The complaints in both actions identify the tanks as "10,000-gallon steel crystallizer tanks." (ECF No. 1 ¶ 1 in 13-CV-2430 and ECF No. 1 ¶ 1 in 14-CV-2731.) Further, Plaintiff does not contest the authenticity of a letter identifying that the tanks in the Lenmoore West and Greeley plants are "similarly designed and fabricated." (ECF No. 68-6 in 13-CV-2430, Sept. 18, 2014 Letter from Leprino to DCI.) Thus, the Court assumes, for purposes of this Order, that the tanks are the same.

judicial resources overall through a singular trial involving common issues of fact and law. Further, at this time, neither case is ready for disposition.

The Court also finds that the risk of confusion is minimal. In essence, consolidation brings new counts into the earlier filed action which concern acts or omissions that are temporally separate. If a jury could identify the difference in alleged damages between the 2001 and 2007 tank purchases, the Court is not persuaded that the same jury could not identify the alleged damages attributable to the 2010 tank purchases.

Based on the foregoing, pursuant to Rule 42(a), the Court finds that the two actions involve common questions of law or fact. Further, the Court finds that consolidation of these two actions will avoid unnecessary costs and will promote judicial efficiency.

### IV.   CONCLUSION

Based on the foregoing, the Court:

(1) GRANTS, in part, Defendant's motion to consolidate (ECF No. 68), to wit, the Court consolidates the following actions for all purposes and future filings in any of these actions shall contain the caption as set forth above and shall be docketed under the case number 13-CV-02430-RM-KMT:  (a) 13-CV-02430-RM-KMT and (b) 14-CV-02731-RPM.

(2) ORDERS that Magistrate Judge Kathleen M. Tafoya will be the sole referral Magistrate Judge in the consolidated action.

DATED this 9th day of January, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge